JAY T. SMITH, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 197, 2009.
Supreme Court of Delaware.
Submitted: May 26, 2009.
Decided: June 8, 2009.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 8th day of June 2009, it appears to the Court that:
(1) On April 7, 2009, the Court received Jay Smith's notice of appeal from a Superior Court sentencing order, dated October 17, 2008, following Smith's entry of a guilty plea on several criminal charges. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before November 16, 2008.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Smith to show cause why the appeal should not be dismissed as untimely filed.[1] Smith filed a response to the notice to show cause on April 21, 2009. Smith asserts that his attorney had filed a motion for reconsideration of sentence and that Smith was unaware that such a motion had been filed. He further contends that his attorney never informed him that the motion for reconsideration was denied on November 19, 2008 and, therefore, he did not know that he should have filed an appeal within 30 days of the Superior Court's November 19 order. The State has filed a reply to Smith's response contending that Smith has offered no basis to excuse his untimely filing.
(3) We agree. Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4] To the extent Smith is seeking to appeal from his October 17 sentencing, he has offered no basis to excuse his untimely filing. To the extent Smith is seeking to appeal the November 19, 2008 denial of his motion for modification of sentence, he blames his attorney's lack of communication for his untimely filing. Defense counsel, however, is not court-related personnel and, therefore, any alleged error by counsel is insufficient to excuse Smith's untimely filing.[5]
(4) There is nothing in the record to substantiate that Smith's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(ii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).
[5] Honaker v. State, 2006 WL 298165 (Del. Feb. 6, 2006).